## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHELA GRIMES,

     Plaintiff,

V.                         CASE NO.: 8:22-cv-00116-KKM-CPT

KEYMARK CORPORATION OF FLORIDA,

     Defendant,

_____/

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, KEYMARK CORPORATION OF FLORIDA, ("Keymark" or "Defendant"), through its undersigned counsel, files its Answer and Defenses to Plaintiff's Complaint and Demand for Jury Trial (the "Complaint"), as follows:

## INTRODUCTION

1.    In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to each of the statutes cited in this Paragraph. Answering further, Defendant denies that it violated any of the statutes cited in Paragraph 1 with respect to Plaintiff's employment with Defendant.

2.    Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.    Defendant denies the allegations contained in Paragraph 3 of the

Complaint

4.      Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint and, therefore, denies same.

## JURISDICTION AND VENUE

5.      As to Paragraph 5 of Plaintiff's Complaint, Defendant admits that this Court has jurisdiction over Plaintiff's claims.

6.      As to Paragraph 6 of Plaintiff's Complaint, this calls for a legal conclusion to which an answer is not required. To the extent an answer is required, while Defendant admits that this Court has jurisdiction over Plaintiff's claims, it denies any relief sought in this Paragraph.

7.      Defendant admits that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

## PARTIES

8.      Defendant admits, upon information and belief, that Plaintiff is a twenty-nine-year-old African American female.  Answering further, Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies same.

2

9.    As to Paragraph 9 of Plaintiff's Complaint, this calls for a legal conclusion to which an answer is not required. To the extent an answer is required, Defendant admits Plaintiff is a member of a protected class based on sex but is without knowledge or information sufficient to admit or deny the remaining allegations contained in this and, therefore, denies same.

10.    Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11.    As to Paragraph 11 of Plaintiff's Complaint, this calls for a legal conclusion to which an answer is not required. To the extent an answer is required, Defendant denies the allegations.

12.    As to Paragraph 12 of Plaintiff's Complaint, this calls for a legal conclusion to which an answer is not required. To the extent an answer is required, Defendant denies the allegations.

13.    Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.    Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant admits the allegations contained in Paragraph 15 of the Complaint.

3

16.    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## <u>ADMINISTRATIVE PREREQUISITES</u>

17.    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    As to Paragraph 18 of the Complaint, Defendant admits Plaintiff filed a charge of discrimination, but denies the remaining allegations.

19.    As to Paragraph 19 of the Complaint, Defendant admits the EEOC issues a Dismissal and Notice of Rights dated 11/15/2021 but denies the remaining allegations.

20.    As to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge to admit or deny when Plaintiff received the Dismissal and Notice of Rights from the EEOC, but admits a lawsuit was filed less than 90 days after 11/15/2021, the remaining allegations are denied.

21.    As to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge to admit or deny any work performed by the FCHR, the balance of this Paragraph calls for a legal conclusion to which an answer is not required. To the extent an answer is required, Defendant denies the allegations.

4

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## **GENERAL ALLEGATIONS**

23.     Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits Plaintiff's job requirements included lifting, pushing, bending and twisting and further admits that for a period of time Dusley Bello and Luis Alicea supervised Plaintiff.   Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits, upon information and belief, that Plaintiff was involved in a non-work-related motor vehicle accident on March 31, 2020. Answering further, Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, denies same.

27.     As to Paragraph 27 of the Complaint, Defendant admits that Plaintiff provided a Return to Work Excuse stating she could return to work on April 3, 2020, with a lifting restriction of 11-25 pounds until her pain subsided.

5

28.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint and, therefore, denies same.

29.     Defendant admits that, at Plaintiff's request, it provided Plaintiff with a new position as an overnight cleaner.  Answering further, Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant admits Mr. Callahan wrote up Plaintiff.  Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint and further denies that it disciplined Plaintiff for unlawful/retaliatory reasons.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant admits Plaintiff was suspended during her employment, but denies the remaining allegations contained in Paragraph 36 of the Complaint.

37.     Defendant admits Plaintiff changed departments and thereafter reported to Joel Collazo.  Defendant denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that Plaintiff left work early to go to the emergency room on July 19, 2020, complaining of abdominal pain.   Answering further, Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 38 of the Complaint and, therefore, denies same.

39.     Defendant is without knowledge or information sufficient to respond to the remaining allegations contained in Paragraph 39 of the Complaint and, therefore, denies same.

40.     Defendant admits Plaintiff provided a Return to Work Excuse dated 7/19/2020 stating Plaintiff could return to work on 7/23/2020, but denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendant admits it suspended Plaintiff for insubordination on August 4, 2020.  Defendant denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## COUNT I
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Disability Discrimination

43.     Defendant incorporates by reference its responses to Paragraphs 1 – 42 of the Complaint as set forth herein.

44.     Upon information and belief, Defendant admits Plaintiff is a twenty-nine-year-old African American female.   Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 44 of the Complaint and, therefore, denies same.

45.     Defendant admits the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant admits the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant admits the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     As to Paragraph 50 of the Complaint, Defendant admits it has an obligation to protect its employees from potential harassment in the workplace. Defendant denies that Plaintiff was subjected to unlawful harassment during her employment with Defendant and further denies that it is liable to Plaintiff for alleged harassment.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint and further denies that Plaintiff was subjected to "offensive statements, acts, harassment," or "disparate treatment."

54.     Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(G) following Paragraph 60 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

## COUNT II
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Sexual Harassment

61.     Defendant incorporates by reference its responses to Paragraphs 1 – 42 of the Complaint as set forth herein.

62.    As to Paragraph 62 of the Complaint, upon information and belief, Defendant admits Plaintiff is a twenty-nine-year-old African American female. Defendant admits Plaintiff is a member of a protected class based on sex.

63.    Defendant admits the allegations contained in Paragraph 63 of the Complaint.

64.    Defendant admits the allegations contained in Paragraph 64 of the Complaint.

65.    Defendant admits the allegations contained in Paragraph 65 of the Complaint.

66.    Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67.    Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.    As to Paragraph 68 of the Complaint, Defendant admits it has an obligation to protect its employees from potential harassment in the workplace. Defendant denies that Plaintiff was subjected to unlawful harassment during her employment with Defendant and further denies that it is liable to Plaintiff for alleged harassment.

69.    Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70.    Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.    Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75.    Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.    Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.    Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     Defendant admits it terminated Plaintiff's employment on August 4, 2020, but denies the remaining allegations contained in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(G) following Paragraph 84 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

## <u>COUNT III</u>
## VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAMILY AND MEDICAL LEAVE ACT
### FFCRA (EFMLEA)/FMLA Retaliation

85.     Defendant incorporates by reference its responses to Paragraphs 1 – 42 of the Complaint as set forth herein.

86.     Paragraph 86 of the Complaint is a recitation of the law and does not require Defendant to admit or deny the same.

87.     Paragraph 87 of the Complaint is a recitation of the law and does not require Defendant to admit or deny the same.

88.     As to Paragraph 88 of the Complaint, Defendant admits it was a covered employer under the FMLA and FFCRA, but denies the remaining allegations contained in this paragraph.

89.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.    Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.    Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.    Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.    Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.    Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.    Defendant denies the allegations contained in Paragraph 98 of the Complaint.

99.    Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100.   Defendant denies the allegations contained in Paragraph 100 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A) – (F) following Paragraph 100 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

<u>**COUNT IV**</u>
**VIOLATIONS OF THE FAMILIES FIRST CORONAVIRUS ACT AND THE FAIR LABOR STANDARDS ACT**
**FFCRA (EPSLA)/FLSA Retaliation**

101.   Defendant incorporates by reference its responses to Paragraphs 1 – 42 of the Complaint as set forth herein.

102.   Paragraph 102 of the Complaint is a recitation of the law and does not require Defendant to admit or deny the same. Defendant denies violation of the FFCRA (EPSLA) or FLSA.

103.   Paragraph 103 of the Complaint is a recitation of the law and does not require Defendant to admit or deny the same. Defendant denies violation of the FFCRA (EPSLA) or FLSA.

104.   Paragraph 104 of the Complaint is a recitation of the law and does not require Defendant to admit or deny the same. Defendant denies violation of the FFCRA (EPSLA) or FLSA.

105.   As to Paragraph 105 of the Complaint, Defendant admits it was a covered employer under the FFCRA, but denies the remaining allegations contained in this paragraph.

106.   As to Paragraph 106 of the Complaint, Defendant admits it was a covered employer under the FFCRA, but denies the remaining allegations contained in this paragraph.

107.   Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108.   Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109.   Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110.   Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111.   Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112.   Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113.   Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114.   Defendant denies the allegations contained in Paragraph 114 of the Complaint.

115.   Defendant denies the allegations contained in Paragraph 115 of the Complaint.

116.   Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.   Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118.   Defendant denies the allegations contained in Paragraph 118 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(F) following Paragraph 118 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### FLORIDA STATUES §§760.01-11
### Disability Discrimination

119.   Defendant incorporates by reference its responses to Paragraphs 1 – 61 of the Complaint as set forth herein.

120.   Defendant admits Plaintiff is a twenty-nine-year-old African American female.  Answering further, Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 120 of the Complaint and, therefore, denies same.

121.   Defendant admits the allegations contained in Paragraph 121 of the Complaint.

18

122.   Defendant admits the allegations contained in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.   Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.   As to Paragraph 125 of the Complaint, Defendant admits it has an obligation to protect its employees from potential harassment or discrimination in the workplace.  Defendant denies that Plaintiff was subjected to unlawful harassment, discrimination or disparate treatment during her employment with Defendant and further denies that it is liable to Plaintiff for alleged harassment or discrimination.

126.   Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.   Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128.   Defendant denies the allegations contained in Paragraph 128 of the Complaint.

129.   Defendant denies the allegations contained in Paragraph 129 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(G) following Paragraph 129 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

**COUNT VI**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Sexual Harassment**

130.   Defendant incorporates by reference its responses to Paragraphs 1 – 42 and 62-84 of the Complaint as set forth herein.

131.   As to Paragraph 131 of the Complaint, upon information and belief, Defendant admits Plaintiff is a twenty-nine-year-old African American female. Defendant admits Plaintiff is a member of a protected class based on sex.

132.   Defendant admits the allegations contained in Paragraph 132 of the Complaint.

133.   Defendant admits the allegations contained in Paragraph 133 of the Complaint.

134.   Defendant admits the allegations contained in Paragraph 134 of the Complaint.

135.   Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.   As to Paragraph 136 of the Complaint, Defendant admits it has an obligation to protect its employees from potential harassment or discrimination in the workplace.   Defendant denies that Plaintiff was subjected to unlawful harassment, discrimination or disparate treatment during her employment with Defendant and further denies that it is liable to Plaintiff for alleged harassment or discrimination.

137.   Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138.   Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139.   Defendant denies the allegations contained in Paragraph 139 of the Complaint.

140.   Defendant denies the allegations contained in Paragraph 140 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(G) following Paragraph 140 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

## <u>COUNT VII</u>
## WORKERS COMPENSATION RETALIATION
## FLORIDA STATUES §440.205

141.   Defendant incorporates by reference its responses to Paragraphs 1 – 42 of the Complaint as set forth herein.

142.   Defendant admits Plaintiff purports to bring a cause of action pursuant to Florida Statute §440.205 but denies any violation of the same.

143.   Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144.   Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145.   Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146.   Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147.   Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148.   Defendant admits Plaintiff returned to work on August 4, 2020, but denies the remaining allegations contained in Paragraph 148 of the Complaint.

149.   Defendant denies the allegations contained in Paragraph 149 of the Complaint.

150.   Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151.   Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152.   Defendant denies the allegations contained in Paragraph 152 of the Complaint.

153.   Defendant denies the allegations contained in Paragraph 153 of the Complaint.

In response to the unnumbered "WHEREFORE" section (A)-(F) following Paragraph 153 of the Complaint, Defendant denies that Plaintiff is entitled to any relief sought.

## **DEMAND FOR TRIAL BY JURY**

In response to the "DEMAND FOR TRIAL BY JURY" clause of the Complaint, Defendant denies that Plaintiff is entitled to a trial by jury as there are no disputed issues of fact for the trier to determine.

Defendant denies any and all unnumbered paragraphs in Plaintiff's Complaint.

## **DEFENSES**

Without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses to the Complaint:

1.      The Complaint fails to state a claim against Defendant upon which relief may be granted.  Particularly, Plaintiff's allegations are conclusory and do not provide sufficient factual allegations to suggest that Defendant violated the state or federal laws cited. Plaintiff's claims fail because she cannot establish a *prima facie* case of discrimination, under any of the state or federal laws cited in the Complaint.

2.      Plaintiff's claims fail because she cannot demonstrate she suffered from disparate treatment in violation of any statute, nor does she identify any comparators, *i.e.*, similarly situated individuals.

3.      Defendant denies it took any adverse employment action whatsoever against Plaintiff on the basis of her sex or alleged disability in violation of any statute.

4.      Plaintiff's claims of retaliation fail to the extent she did not engage in protected activity under state or federal law.

5.      To the extent that Plaintiff cannot show a sufficient causal connection between any adverse action complained of and any protected activity she alleges to have engaged in, her retaliation claims must fail.

24

6.      Plaintiff's claims fail, in whole or in part, because any actions taken with respect to Plaintiff's employment were made in good faith, for legitimate, non-discriminatory and non-retaliatory reasons, and were not pretextual.

7.      Plaintiff's claims are barred in that Plaintiff has been compensated in accordance with applicable laws and has been fully compensated as to all sums to which she may be entitled.

8.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

9.      Plaintiff's claims are barred in whole or in part because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA, FMLA, FFCRA or EPSLA.

10.     Plaintiff's claims may be barred in whole or in part by her failure to exhaust all administrative remedies and/or her failure to fulfill each and every administrative or condition prerequisite to initiating this proceeding.

11.     All employment-related decisions made with respect to Plaintiff, or which affected Plaintiff, were made in good faith for legitimate, non-discriminatory reasons. Defendant asserts it did not knowingly or willfully violate any right of Plaintiff to be free of discrimination and at all times pertinent to the allegations in the Complaint, made good faith efforts to enforce its anti-discrimination policy.

12.     Plaintiff's claims fail, in whole or in part, because if any decision concerning her employment was based upon a protected characteristic or activity, which Defendant denies, Defendant would have reached the same decision in any event.

13.     To the extent Plaintiff failed to give Defendant timely notice of the discriminatory acts alleged in the Complaint, and a reasonable opportunity to investigate and to remedy the conduct, Plaintiff's claims are barred by the doctrine of unclean hands and laches.

14.     Defendant asserts that to the extent any non-managerial or managerial agent is found to have engaged in unlawful actions, those actions would have been contrary to Defendant's policies and good faith efforts to comply with the state and

federal law, and therefore, Defendant is not vicariously liable for any damages arising from such acts.

15.    Plaintiff's claims, in whole or in part, may be barred by the applicable statutes of limitations, and/or the equitable doctrines of accord and satisfaction, payment, laches, waiver, estoppel, and/or unclean hands.

16.    Plaintiff's claims fail to the extent she engaged in misconduct.

17.    Plaintiff's claims fail to the extent she was not a qualified individual with a disability.

18.    Plaintiff's claims fail because she does not plead sufficient facts to demonstrate that she requested a reasonable accommodation or that Defendant failed to engage in an interactive process and/or reasonably accommodate so that Defendant's treatment altered her terms, conditions or privileges of employment with Defendant.

19.    If Plaintiff was not in fact disabled, she cannot prove a valid failure to accommodate claim.

20.    The failure to accommodate claim is not a valid cause of action to the extent Plaintiff failed to request a reasonable accommodation, rejected reasonable accommodations offered by Defendant, or failed to engage in the interactive process to determine whether a reasonable accommodation could be made.

21.    If Plaintiff made a request for accommodation due to her alleged disability, which Defendant denies, the request was not reasonable and/or imposed an undue hardship on Defendant.

22.    To the extent that Plaintiff's FFCRA/EPSLA/EFMLA interference claim sounds at all in any claim that Defendant denied her any leave to which she claims she was entitled (if any), that claim must fail because Plaintiff received any and all leave to which she may have been entitled (if any).

23.    To the extent that Plaintiff fraudulently obtained, sought to obtain, or used EFMLA/FFCRA/EPSLA leave, such leave is not protected by federal law.

24.    To the extent Plaintiff did not have a qualifying reason for leave under EFMLA/FFCRA/EPSLA, she was not entitled to payment of wages.

25.    Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate fully alleged damages or other losses as required by law.  Any damages alleged by Plaintiff must be offset as required by law.

26.    To the extent Plaintiff has received benefits from collateral sources or other set-offs or recoupments, Plaintiff's claims should be diminished accordingly.

27.    Any damages (assuming Plaintiff has any) were of Plaintiff's own making and not proximately caused by any action of Defendant.

28.     To the extent Plaintiff is claiming in her Complaint of physical injuries in connection with her employment, they are barred or preempted under the workers' compensation statute.

29.     Plaintiff's claims fail because Defendant adopted, disseminated and enforced an anti-harassment policy, and neither knew, nor had any reason to know, of the alleged acts or omissions complained of in this case.

30.     To the extent Plaintiff seeks liquidated and/or punitive damages, such damages are barred because the alleged acts or omissions of Defendant which are strictly denied, fail to rise to the level required to sustain an award of liquidated damages, do not evidence bad faith, a malicious or reckless indifference to Plaintiff's state or federally protected rights, and are not so wanton or willful as to support an award of liquidated or punitive damages. Plaintiff is not entitled to recover punitive damages, under the standards set forth in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

31.     To the extent that any recovery of Plaintiff's Complaint may be either completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff may be otherwise entitled must be appropriately offset or dismissed.

32.     To the extent Plaintiff's claims involve the loss of retirement plan benefits or credits, health and welfare benefits, or any other benefits covered by the

Employee Retirement Income Security Act, 29 U.S.C. § 101 et seq. ("ERISA"), such claims are preempted by ERISA.

33.    Plaintiff was employed pursuant to Florida's employment-at-will doctrine, and no agreement existed to alter Plaintiff's status as an at-will employee.

34.    Plaintiff's claims for damages are subject to applicable statutory limitations.

35.    Plaintiff's claim under Fla. Stat. §440.205 fails to the extent she was not injured on the job, did not file a valid claim benefits or attempt to file a claim for benefits.

36.    Defendant is entitled to an award of attorneys' fees and costs because Plaintiff's claims are frivolous, vexatious, and without foundation and are being brought in bad faith and for the sole purpose of harassing Defendant.

37.    Plaintiff is not legally entitled to an award of pre-judgment interest. Alternatively, Plaintiff is not legally entitled to both an award of interest and liquidated damages.

<u>**RESERVATION OF RIGHTS**</u>

Defendant reserves the right to assert further defenses as they become evident through discovery or investigation.

30

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court grant the following relief:

1.     That the Complaint be dismissed with prejudice and that Plaintiff take

nothing thereby;

2.     That judgment be entered in favor of Defendant on all claims for relief;

3.     That Defendant be awarded its attorneys' fees and costs of suit; and

4.     For such other and further relief as this Court may deem proper.

Respectfully submitted this 21st day of March 2022.

/s/ Michelle Anderson
Michelle Anderson, Esquire
Florida Bar No.: 0040585
**FISHER & PHILLIPS LLP**
201 Saint Charles Ave., Suite 3710
New Orleans, LA 70170-3710
Telephone: (504) 529-3839
Facsimile: (504) 529-3850
E-mail: manderson@fisherphillips.com

/s/ Alex G. Desrosiers
Alex G. Desrosiers
Florida Bar No.: 1017763
**FISHER & PHILLIPS LLP**
200 South Orange Avenue, Suite 1100
Orlando, FL  32801
Telephone: (407) 541-0888
Facsimile: (407) 541-0887
Email: adesrosiers@fisherphillips.com

Attorneys for the Defendant, Keymark
Corporation of Florida

31

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on March 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

Jason W. Imler, Esq.
Imler Law
19409 Shumard Oak Drive, Unit 103
Land O Lakes, FL 3463
Email: <u>Jason@Imlerlaw.com</u>

*/s/ Alex G. Desrosiers*
Alex G. Desrosiers

32